# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF SCOTT MICHAEL CANTOR, BAR NO. 1713.

No. 83736

FILED

FEB 10 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR RECIPROCAL DISCIPLINE AND SUSPENDING ATTORNEY

This is a petition for reciprocal discipline of attorney Scott Michael Cantor pursuant to SCR 114. Cantor has been disbarred from the practice of law in California. He did not self-report the disbarment to the Nevada State Bar but has filed a response with this court opposing the petition.

Cantor's misconduct arises from his failure to comply with previous disciplinary orders in California including: failing to file an affidavit that he complied with the duties of suspended attorneys, failing to attest to reading professional conduct rules and business and professions codes, failing to timely schedule and/or participate in a meeting with a probation specialist, and failing to submit a timely report to the Office of Probation. These actions violated California Rule of Court 9.20(c), which requires the filing of an affidavit attesting that an attorney complied with the duties of suspended attorneys, and Cal. Bus. & Prof. Code § 6068(k) (West 2021), which requires attorneys "[t]o comply with all conditions attached to any disciplinary probation." As a result, Cantor was disbarred.

Having considered the petition for reciprocal discipline and Cantor's response, we conclude that discipline is warranted but that "the misconduct established warrants substantially different discipline in this state," SCR 114(4)(c), and thus deny the petition for reciprocal discipline.

22-04519

In particular, we conclude that disbarment is not warranted because disbarment in Nevada is not equivalent to the discipline imposed in California, as disbarment in Nevada is irrevocable while in California a disbarred attorney may seek reinstatement after five years. *Compare* SCR 102(1), *with* Cal. State Bar R. Proc. 5.442(B). Furthermore, Nevada does not require disbarment when an attorney fails to comply with previous disciplinary orders. Thus, we conclude that a five-year-and-one-day suspension is more appropriate than disbarment based on "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (setting out the factors to consider to determine appropriate discipline).

Accordingly, we deny the petition for reciprocal discipline but suspend Scott Michael Cantor from the practice of law in Nevada for five years and one day from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____ C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Pitaro & Fumo, Chtd.
        Chair, Southern Nevada Disciplinary Board
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A